# In the United States Court of Federal Claims

| | |
|---|---|
| MAURICE P. FORTUNE III,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-cv-804<br>Filed: September 2, 2026 |

**MEMORANDUM AND ORDER**

Plaintiff Maurice P. Fortune, III, proceeding *pro se*, seeks possession of what he claims is a $100 million bond held in trust by the United States Secretary of the Treasury. Plaintiff, who is incarcerated in a state facility, recites a frivolous claim based on sovereign citizen theories. As Plaintiff's frivolous claims fall outside this Court's limited jurisdiction, Plaintiff's Complaint (ECF No. 1) must be dismissed pursuant to Rules 12(h)(3) and 28 U.S.C. § 1915A.

**BACKGROUND**

**I. Procedural History**

On May 29, 2026, Plaintiff, a prisoner in a Virginia state prison, filed his Complaint along with an Exhibit. ECF No. 1 (Complaint or Compl.); *see* ECF Nos. 12 at 4 (noting that Plaintiff is incarcerated); 1-1 (Exhibit or Ex.). At the time, Plaintiff neither paid the filing fee nor filed a motion to proceed *in forma pauperis* (IFP). ECF No. 5 (notice from Clerk of Court that Plaintiff had not paid his filing fee).

On June 3, 2026, the Court ordered Plaintiff to pay the filing fee. ECF No. 6 at 1. The Court warned that if Plaintiff did not pay the required filing fee, his Complaint would be dismissed

for failure to prosecute under Rule 41(b). *Id.* In the interim, the Court also stayed Defendant's obligation to file an answer to the Complaint. *Id.*

On June 23, 2026, several documents the Clerk of Court had mailed to Plaintiff were returned to the Court and marked "RETURN TO SENDER." *See* ECF Nos. 9 at 1, 10 at 1.[1] The Court was made aware that Plaintiff, an inmate at a Virginia state prison, provided the wrong mailing address when he filed his case. The returned mail included a notation that legal mail must be sent to a different address. *See* ECF Nos. 9 at 1, 10 at 1.

On July 1, 2026, the Court ordered the Clerk of Court to change Plaintiff's address on the docket and send future filings to Plaintiff's updated address. ECF No. 11 at 1. The Court also directed the Clerk of Court to send documents that were returned to the Court, "including the Order directing Plaintiff to pay the filing fee," to Plaintiff's updated address. *Id.* at 2. On July 27, 2026, Plaintiff filed a motion for leave to proceed IFP under 28 U.S.C. § 1915. ECF No. 12. On July 29, 2026, the Court granted Plaintiff IFP status. ECF No. 13 at 2.

## II. Factual Background

Plaintiff's Complaint appears to state a claim based on a breach of fiduciary duty by the Secretary of the Treasury. Compl. at 4. Plaintiff pleads four elements to his claim on a page of his Complaint with the heading "Statement of the Case":

> 1. The Secretary of Treasury/Department of Treasury erred by breach of fundamental conduct for the standard to validate a fiduciary relationship as to the manifestation of their unambiguous duties to provide benefit favorable to the Plaintiff; Maurice Patrick Fortune III.
>
> 2. Maurice Patrick Fortune III is the record holder of the Private Registered Bond due to the collateral, Live Birth Number.
>
> 3. The personal property being withheld is outstanding material.

[1] Citations throughout this Memorandum and Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

> 4. Benefit, in full or part, or outstanding material is by public contract inseparably a property interest in a tangible possession that in right shall be rendered to the beneficiary, Maurice Patrick Fortune III.

*Id.*

Plaintiff claims that this fiduciary relationship began in 1933, when the United States "pledged faith and credit of the American People as Sureties, by demanding that every American register their birth, thereby creating corporations bearing their names in all capital letters, which turned every American flesh-and-blood man and woman into Sureties/[Accommodation] Parties for those Corporate Entities." *Id.* at 5. Plaintiff alleges that his attached Exhibit includes a "registered bond," which "is defined as a governmental or corporate obligation to pay money, represented by a single certificate delivered to the creditor." *Id.* at 6. Plaintiff further asserts that "only the holder of record" may redeem this bond. *Id.* Plaintiff then claims that the United States "has been in breach" of the alleged fiduciary relationship associated with the bond. *Id.* at 7. Plaintiff "respectfully demands restitution of the held property" as his remedy. *Id.*

Plaintiff's Exhibit consists of a document titled "PRIVATE REGISTERED BOND FOR INVESTMENT." Ex. at 1. The document states that it is a bond with a value of $100 million. *Id.* The document states that it is "[t]endered in accordance with all applicable laws including but not limited to UCC 1-104 and Public Law 73-10." *Id.* The document states that it was issued to the Secretary of the Treasury by "Could Be Anyone on behalf of the COULD BE ANYONE ESTATE/TRUST." *Id.* The document lists an address of "123 ANYWHERE," with spaces for city and state that are left blank. *Id.* The document also contains an identification number of "Item # 08081988-CBA-PRB." *Id.* On another page of the Exhibit, Plaintiff states that "Maurice P. Fortune III is the lawful owner of the subject property. The Claimant hereby demands restitution of the held property." *Id.* at 3.

## APPLICABLE LEGAL STANDARD

It is well-established that this Court is not a forum for all federal claims; rather it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction."). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he fact that [Plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Although the Court liberally construes a complaint filed by a *pro se* litigant, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Erickson*, 551 U.S. at 94; *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

This Court must dismiss all claims outside its jurisdiction. Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also Lofton v. United States*, No. 24-1959, 2025 WL 350360 (Fed. Cir. Jan. 31, 2025) (affirming *sua sponte* dismissal of claims for lack of jurisdiction); *D'Agostino v. United States*, No. 2024-1319, 2024 WL 4758571 (Fed. Cir. Nov. 13, 2024) (same).

## DISCUSSION

As explained further below, Plaintiff's claims must be dismissed because they are frivolous and because all of the claims fall outside of this Court's jurisdiction.

### I. Frivolousness

Section 1915A provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). When undertaking such a review, the Court is required to dismiss such a claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(b)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."). The question of what is frivolous "is a discretionary one" left to trial courts, who "are in the best position to determine which cases fall into this category." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Generally, courts may dismiss claims as frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32–33 (internal citations omitted).

Plaintiff's claim that he is the "owner" of a bond with a value of $100 million is "clearly baseless" and "fantastic," as the alleged bond included in Plaintiff's Exhibit is merely a form available for purchase online in which Plaintiff has not even listed himself as the owner. *Denton*, 503 U.S. at 32–33; Ex. at 1, 3. The alleged bond says that the owner is "[t]he below Undersigned Principal, Could Be Anyone on behalf of the COULD BE ANYONE ESTATE/TRUST." Ex. at 1. According to the facts in the Complaint, Plaintiff's name is Maurice P. Fortune, III, not "Could Be Anyone." *See* Compl. at 1 (listing Plaintiff's name as "Maurice P. Fortune III"). Thus, even by the terms of the alleged bond that Plaintiff included in his Exhibit, Plaintiff is not the "Undersigned Principal" who owns the bond. *See* Ex. at 1. In addition, Plaintiff's alleged bond lacks any indication of legitimacy as an actual government document. Indeed, judges of the Court of Federal Claims have repeatedly found claims allegedly worth $100 million and less to be frivolous when, like the present action, they lack any appearance of legitimacy. *See, e.g., Polinski v. United States*, 178 Fed. Cl. 736, 746 (2025) (*Polinski I*) (finding claim for $36 million based on financial instrument without any indication of legitimacy to be frivolous); *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) (finding claim for $100 million without justification frivolous). Given the obviously illegitimate nature of Plaintiff's alleged bond, his action is "clearly baseless." *See Denton*, 504 U.S. at 32; *see also Polinski v. United States*, No. 26-1249, 2026 WL 776608, at *1 (Fed. Cir. Mar. 19, 2026) (*Polinski II*) (summarily affirming dismissal of claims that were "frivolous on their face" due to reliance on financial instrument with no indication of legitimacy).

Plaintiff's theory, as the Court understands it, is reminiscent of the sovereign citizen theory that "to use people as collateral for the national debt, the United States Government has created individual trusts for each citizen, into which the Treasury deposits profits made from the citizen's

property." *Polinski I*, 178 Fed. Cl. at 746; *see Gravatt v. United States*, 100 Fed. Cl. 279, 283 (2011) (quoting *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 758–59 (W.D. Va. 2007)) (explaining the "redemption" theory associated with sovereign citizens); *Rivera v. United States*, 105 Fed. Cl. 644, 650 (2012) (rejecting a similar theory). According to this theory, House Resolution 192—also known as Public Law 73-10—and the Uniform Commercial Code (UCC) provide the legal means for individuals to regain this wealth. *Polinski I*, 178 Fed. Cl. at 746; *Gravatt*, 100 Fed. Cl. at 283. A "beneficiary" of an individual trust may purportedly resort to "redemption," whereby he obtains this withheld wealth by filing financing statements naming himself both as debtor and secured party. *Id.* at 283–84 (quoting *Bryant*, 524 F. Supp. 2d at 759).

Plaintiff's filings resemble this redemption theory associated with sovereign citizen claims. *See Polinski I*, 178 Fed. Cl. at 746. He alleges a "breach of fundamental conduct" of trust by the United States "as to the manifestation of their unambiguous duties to provide benefit favorable to the Plaintiff," which resembles a claim based on breach of trust. Compl. at 4. Plaintiff may not explicitly seek the "redemption" of the bond, but seeks that the bond "shall be rendered to the beneficiary," Plaintiff. *Id.*; *Gravatt*, 100 Fed. Cl. at 283 (quoting *Bryant*, 524 F.Supp.2d at 759). Plaintiff's bond cites UCC § 1-104 and Public Law 73-10. Ex. at 1. Courts have universally rejected such sovereign citizen "theories as implausible and frivolous." *Polinski I*, 178 Fed. Cl. at 746; *Miles v. United States*, No. 24-CV-1932, 2025 WL 28368, at *3 n.5 (Fed. Cl. Jan. 3, 2025) (listing cases and stating that "The Federal Circuit, this Court, and other Judges of the Court of Federal Claims have uniformly found that the Court of Federal Claims lacks jurisdiction over claims based on the sovereign citizen theory as it is invalid and frivolous."); *Hollowell v. United States*, No. 24-711, 2025 WL 1564761, at *4 n.4 (Fed. Cl. June 3, 2025) ("Judges have uniformly found sovereign citizen theories to be invalid and frivolous."); *Potter v. United States*, 161 Fed.

Cl. 24, 29 (2022) (finding a lack of jurisdiction because "[i]n short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement."); *Davenport v. United States*, No. 17-1122C, 2017 WL 5988354, at *2 (Fed. Cl. Dec. 4, 2017) ("The Tucker Act precludes sovereign citizen claims. . . [and] this Court has held that claims involving the sovereign citizen theory are 'nonsensical' and should be dismissed as frivolous.") (quoting *Gravatt*, 100 Fed. Cl. at 287).

Plaintiff's attempt to bring a claim based on a clearly illegitimate financial instrument and the claim's link to sovereign citizen theories lead the Court to conclude that Plaintiff's claim is frivolous and, pursuant to 28 U.S.C. § 1915A, must be swiftly dismissed.

## II. Jurisdiction

In any event, Plaintiff's claims fall outside this Court's subject matter jurisdiction because he seeks the return of property, not the money damages that make up this Court's limited jurisdiction. *See* 28 U.S.C. § 1491(a). "[T]he jurisdiction of the Court of Federal Claims is limited to claims for monetary relief, with a few narrow exceptions inapplicable here." *Richardson v. United States*, 110 F.4th 1375, 1384 (Fed. Cir. 2024); *see Cummins v. United States*, No. 24-2166, 2026 WL 2363911, at *4 (Fed. Cir. Aug. 14, 2026) ("A plaintiff's claim . . . must be one for 'actual, presently due money damages.'" (quoting *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998))).

Plaintiff does not seek monetary relief or monetary damages, as he instead seeks "possession" of "personal" and "tangible" property that, he alleges, the United States has purportedly held on his behalf. Compl. at 4. Throughout his Complaint and Exhibit, Plaintiff routinely refers to the remedy he seeks as the return of the alleged bond, and he never asks for the payment of money equal to the alleged bond's value. *See* Compl. at 7 ("Maurice Patrick Fortune III . . . respectfully demands restitution of the held property as lawful owner of the subject

matter."); *id.* ("restitution of held property"); Ex. at 3 ("The Claimant hereby demands restitution of the held property."); Ex. at 4 ("Maurice Patrick Fortune III . . . respectfully demands restitution of the held property as lawful owner of the subject matter."). To the extent that Plaintiff's claims are discernable, he only seeks the return of personal property, not the payment of money damages as compensation for the taking of the alleged personal property. *See Henke*, 60 F.3d at 799 ("The fact that [Plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). The Court's jurisdiction over claims for money damages does not extend to claims seeking the return of personal property. *Carter v. United States*, 62 Fed. Cl. 365, 369 (2004) ("[T]his Court has no authority to order the Government to return property because this Court's jurisdiction is limited to cases in which plaintiffs seek relief in the form of money damages that are presently due from the United States."); *see Cummins*, 2026 WL 2363911, at *4. As Plaintiff does not seek monetary damages or otherwise properly invoke this Court's subject matter jurisdiction, Plaintiff's Complaint must be dismissed. *See* Rule 12(h)(3); *Richardson*, 110 F.4 at 1384.

* * * * *

## CONCLUSION

This Court lacks jurisdiction over Plaintiff's frivolous claims. Accordingly, for the reasons stated above, Plaintiff's Complaint (ECF No. 1) is DISMISSED pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915A.

This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Memorandum and Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.

Eleni M. Roumel
ELENI M. ROUMEL
Judge

September 2, 2026
Washington, D.C.